**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KIMBERLY GARTHWAIT, ET AL. | : | CIVIL CASE NO. |
| Plaintiffs, | : | 3:20-CV-00902 (JCH) |
| | : | |
| v. | : | |
| | : | |
| EVERSOURCE ENERGY | : | JANUARY 24, 2023 |
| COMPANY, ET AL., | : | |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR CERTIFICATE OF
APPEALABILITY AND FOR STAY (DOC. NO. 170)**

## I.    INTRODUCTION

A class of former and current participants in the Eversource 401(k) Plan ("the

Plan") brings this action against Eversource Energy Company ("Eversource") and other

defendants for fiduciary breach claims under the Employee Retirement Income Security

Act of 1974 ("ERISA"), section 1001 of title 29, et seq., of the U.S. Code.

In their initial and amended Complaints, the four named plaintiffs—Kimberly

Garthwait ("Garthwait"), Cumal T. Gray ("Gray"), Kristine T. Torrance ("Torrance"), and

Michael J. Hushion ("Hushion")—demanded a trial by jury of all claims in this action.

See, e.g., Second Amended Complaint ("Compl.") at 61 (Doc. No. 110).  The three

counts in the Second Amended Complaint allege: (1) breach of fiduciary duty pursuant

to sections 409(a) and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109(a), 1132(a)(2); (2) failure

to monitor fiduciaries and co-fiduciary breaches pursuant to sections 405(a), 409(a),

and 502(a)(2) of ERISA, 29 U.S.C. §§ 1105(a), 1109(a), 1132(a)(2); and (3) in the

alternative, liability for knowing breach of trust, pursuant to section 502(a)(3) of ERISA,

29 U.S.C. § 1132(a)(3).  Compl. at ¶¶ 142-58.  As relief, the plaintiffs seek—among

other things—to have defendants "restore to the Plan the losses that have been suffered as a direct result of defendants' breaches of fiduciary duty," <u>id.</u> ¶ 146; <u>see</u> <u>id.</u> ¶ 154, as well as "other available equitable or remedial relief, including prospective injunctive and declaratory relief," <u>id.</u> ¶146.  The defendants moved to strike plaintiffs' demand for a jury trial, asserting that neither ERISA nor the Seventh Amendment provide a jury trial right for fiduciary breach claims.  <u>See</u> Defendants' Memorandum of Law in Support of Motion to Strike Plaintiffs' Jury Demand at 1 (Doc. No. 158–1).  On December 7, 2023, the court denied the Motion as to the "make good" claims in Counts One and Two, but otherwise granted it.  <u>See</u> Ruling on Defendants' Motion to Strike Plaintiffs' Jury Demand (Doc. No. 169) at 7.

Now before the court is defendants' Motion for Certificate of Appealability and for Stay of Proceedings (Doc. No. 170), which requests an opportunity to appeal the court's jury trial ruling to the Second Circuit.  <u>See</u> Defendants' Memorandum in Support of Motion for Certificate of Appealability and for Stay of Proceedings ("Defs.' Mem.") (Doc. No. 170–1); Defendants' Reply in Support of Motion for Certificate of Appealability and for Stay of Proceedings ("Defs.' Reply") (Doc. No. 173).  The plaintiffs' oppose the Motion.  <u>See</u> Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Certificate of Appealability and for Stay of Proceedings ("Pls.' Mem.") at 2–4 (Doc. No. 172).

For the reasons discussed below, the Motion is denied.

## II.   DISCUSSION

"Litigants are generally required to wait for a final judgment to appeal."  Century

Pac. Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008).  However,

the district court may certify an immediate appeal of an interlocutory order if: (1) the

question involves a controlling issue of law; (2) as to which there is a substantial ground

for difference of opinion; and (3) an immediate appeal may materially advance the

ultimate termination of the litigation.  See 28 U.S.C. § 1292(b); see also Ferraro v.

Secretary of U.S. Dept. of Health and Human Serv., 780 F. Supp. 978, 979 (E.D.N.Y.

1992).  Still, "[d]istrict court judges have broad discretion to deny certification even

where the statutory criteria are met."  Morris v. Flaig, 511 F. Supp. 2d 282, 314

(E.D.N.Y. 2007) (quoting SPL Shipping Ltd. V. Gujarat Cheminex, Ltd., 2007 WL

1119753 (S.D.N.Y. Apr. 12, 2007).  "[I]nterlocutory appeal is a 'rare exception' where, in

the discretion of the district judge, it 'may avoid protracted litigation.'"  Id. (quoting In re

World Trade Ctr. Disaster Site Litig., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)).

Indeed, "[i]nterlocutory appeals are disfavored, and, because the procedure 'was not

intended as a vehicle to provide early review of difficult rulings in hard cases,' a party

seeking to appeal must demonstrate 'exceptional circumstances' justifying it."  Kuzinski

v. Schering Corp., 614 F. Supp. 2d 247, 249 (D. Conn. 2009) (quoting Williston v.

Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

Courts in this District have recognized that "[t]he first prong of the test is satisfied

if reversal of the [ ] court's order would terminate the action."  See Tarpon Bay Partners

LLC v. Zerez Holdings Corp., 2019 WL 10984250, at *2 (D. Conn. Oct. 29, 2019)

(quoting In re Salvatore, 2019 WL 1284815, at *2 (D. Conn. Mar. 20, 2019).  Outside

the Circuit, courts have acknowledged that issues that materially impact the outcome of the case—even when they fall short of terminating the action—may satisfy the "controlling" standard.  See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd, 459 U.S. 1190 (1983).  The second prong "may be met by showing that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit."  U.S. ex rel. Drake v. NSI, Inc., 736 F. Supp. 2d 489, 503 (D. Conn. 2010).  Lastly, the third prong is met where an intermediate appeal would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b) (emphasis added), or if "the appeal would advance the time to trial or shorten the trial."  Drake, 736 F. Supp. 2d at 503.

In arguing that the "controlling" standard for prong one is met in the case at bar, defendants assert that "orders regarding the availability of jury trials are often certified for interlocutory appeal."  Defs.' Mem. at 6.  Contrary to defendants' argument, however, courts in this Circuit have denied motions for certificates of appealability regarding the jury trial right in ERISA cases.  See Cunningham v. Cornell Univ., 2018 WL 10323056, at *1 (S.D.N.Y. Oct. 11, 2018); Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co., 2012 WL 13027294, at *4 (D. Conn. Dec. 27, 2012).  Moreover, the Cunningham court explicitly noted that "[w]hether this ERISA case is tried to a jury or the Court is an important issue but not a "controlling" one."  2018 WL 10323056, at *1.  Defendants' reliance upon precedent—with which the court does not disagree—that a "controlling question of law" can include "a procedural determination that may importantly affect the conduct of an action" is not enough to salvage defendants' argument.  In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978) (emphasis added).  By any metric,

4

requiring an extra half day to select a jury and composing a jury charge minimally impacts what the court anticipates—and the parties predict—will be a multi-week trial (whether before a jury, the court, or both).

Defendants also posit that certifying an interlocutory appeal will materially advance the ultimate termination of litigation because it will ensure that the case is tried before the correct factfinder.  See Defs.' Mem. at 13.  But this argument is unavailing. As the Cunningham court also pointed out:

> If the case is tried to verdict before a jury and a jury were deemed on appeal to have been an improper fact finder, then, on remand, no new or additional testimony would be required for this Court to enter findings of fact and conclusions of law.  On remand, the jury's verdict appropriately could be considered by this Court on an advisory basis.

2018 WL 10323056, at *1.  Additionally, any time and expense that might be saved by the parties if the Second Circuit reversed this court's Ruling on the jury trial right pales in comparison to the time and expense associated with an appeal.  Ultimately, interlocutory appeal at this stage would protract the litigation, rather than being the "rare exception" where intermediate review would avoid such a result.  See Flaig, 511 F.Supp.2d at 314.

Because the court is unpersuaded by defendants' arguments as to what would "importantly affect the conduct of the action" and "materially advance the ultimate termination of this litigation," the court exercises its "broad discretion" to deny certification.  Moreover, because the court will not be issuing a certificate of appealability, the request for a stay is denied as moot.

III.     **CONCLUSION**

For the foregoing reasons, the court **DENIES** defendants' Motion for Certificate of

Appealability and for Stay of Proceedings (Doc. No. 170).

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of January, 2023.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge